UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

EDWIN JOSE HERNANDEZ LAGOS,

Petitioner,

v.

DHS, ICE,

Respondents.

No. 5:26-cv-00742-JFW-JDE

ORDER SUMMARILY DISMISSING ACTION

**I.**

**INTRODUCTION**

On February 13, 2026, the Court received from Edwin Jose Hernandez Lagos ("Petitioner"), a federal immigration detainee at the "ICE/DHS GEO Facility" located in Adelanto, California, proceeding pro se and seeking leave to proceed in forma pauperis ("IFP") (Dkt. 2), a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. 1 ("Petition" or "Pet."). Petitioner purports to challenge "the lawfulness and constitutionality of [his] prolonged detention by ICE which [he] contend[s] is excessive and violates [his] rights under the Fifth Amendment." Pet. at 2, 6.

Petitioner asserts he was taken into immigration custody on September 19, 2025, and as "been in ICE custody for over 90 days." Pet. at 4, 6. He claims his "removal or reinstatement order" is dated December 17, 2025. Pet. at 4. He avers that "post-removal detention is not realistic and/or foreseeable time." Id. at 6. He further alleges that he is "not a danger to society nor a flight risk" and asserts there are "no grounds for deportation, no criminal record," and his "prolonged detention without meaningful opportunity for release violates the Due Process Clause of the Fifth Amendment under Zadvydas v. Davis." Pet. at 7. He claims his "continued detention is not reasonably related to any legitimate governmental purpose" and his "underlying 'record' is not existent (case dismissed)." Id. He concludes that "prolonged post-removal detention without release or a constitutionally adequate bond hearing is an extreme[ly] harsh punishment [and] is unconstitutional under [the] 4th 5th and 8th Amendment[s]." He requests that "this Court: Grant this Petition . . . and/or grant any other relief this Court deems just and proper." Id.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); Lane v. Feather, 584 F. App'x 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 in dismissing a Section 2241 petition). Thus, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

The assigned magistrate judge reviewed the Petition under Habeas Rule 4 and, on February 17, 2026, issued an Order to Show Cause Why the Petition

2

Should Not Be Dismissed, identifying several apparent defects with the Petition, and directing Petitioner to file a response within 21 days. Dkt. 4 ("OSC"). Petitioner did not file a timely response to the OSC or seek additional time in which to do so.

For the reasons set forth below, the Court finds that the Petition must be dismissed without prejudice under Rule 4 of the Habeas Rules.

## II.

## DISCUSSION

As noted, under Rule 4 of the Habeas Rules, the Court "must promptly examine" the Petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief, . . . dismiss the petition." See also Mayle, 545 at 656.

The Habeas Rules require a statement of all grounds for relief and the facts supporting each ground, and the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. See Habeas Rule 2(c); Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Felix, 545 U.S. at 655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Here, the Petition falls far short of the minimal requirements to proceed and fails to state facts that point to the real possibility of constitutional error. Petitioner appears to seek relief under Zadvydas v. Davis, 533 U.S. 678, 689 (2001). In Zadvydas, the Supreme Court held that the "indefinite detention" of aliens subject to final orders of removal raises "serious constitutional

concerns." 533 U.S. at 682. The Court construed 8 U.S.C. § 1231(a)(6) to contain an implicit "reasonable time" limitation. Id. The Court held that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Id. at 689. "[F]or the sake of uniform administration in the federal courts," the Court held that six months was a presumptively reasonable period of detention. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Petitioner asserts he was taken into immigration custody on September 19, 2025. Pet. at 5. Petitioner does not provide any other facts regarding his initial detention or any subsequent proceedings, except to assert that he was ordered removed on December 17, 2025. As pled, for purposes of a Zadvydas analysis, he had been in post-order-of-removal custody for less than two months at the time he filed the Petition. As such, his detention at the time of filing was presumptively reasonable under Zadvydas, indicating that the Petition is not ripe for federal review. See, e.g., Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam) (finding the six-month presumptively reasonable period "must have expired at the time [the alien's] § 2241 petition was filed in order to state a claim under Zadvydas"). Similarly, he has provided no information regarding his home country, any efforts underway to facilitate his removal to such country, any assertion that his home country will not accept him or any facts supporting a claim that removal is unlikely in the foreseeable future. Petitioner has not met his burden under Zadvydas, let alone overcome the presumption of reasonableness of the six-month period. Zadvydas, 533 U.S. at 701; Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003) ("Zadvydas places the burden on the alien to show, after a detention period of

six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" (citation omitted)). If there is some other basis upon which Petitioner claims his detention is wrongful, he has not alleged any facts to support such a claim and thus he has not met his burden to justify habeas relief. See Habeas Rule 2(c), 4; Felix, 545 U.S. at 655; O'Bremski, 915 F.2d at 420; see also Jones, 66 F.3d at 204-05; James, 24 F.3d at 26; Hendricks, 908 F.2d at 491.

Accordingly, Petitioner is not entitled to federal habeas relief and this action must be dismissed without prejudice.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, IT HEREBY ORDERED that: (1) Petitioner's IFP Request (Dkt. 2) is DENIED; and (2) Judgment shall be entered dismissing the Petition without prejudice.

Dated: March 31, 2026

JOHN F. WALTER
United States District Judge

Presented by:

JOHN D. EARLY
United States Magistrate Judge

5